Honorable Timothy W. Dore
Hearing date: October 22, 2021; 9:30 a.m.
Hearing Place: Room 8106, 700 Stewart Street, Seattle, WA 98101
Responses due by: October 15, 2021

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| In re: | Chapter 7 |
|---|---|
| MICHAEL KIDWELL, | Bankruptcy No. 18-12360-TWD |
| Debtor(s). | TRUSTEE'S MOTION FOR AN ORDER APPROVING COMPROMISE OF CLAIM WITH U.S. BANK |

COMES NOW the trustee, Nancy L. James, through counsel The Livesey Law Firm, and Rory C. Livesey, and moves this Court for an order approving the trustee's compromise of a claim.

The details of the compromise can be summarized as follows:

The debtor filed a Chapter 13 petition on June 14, 2018. The case was converted to a Chapter 7 on July 20, 2018, and the trustee was appointed. Included in the estate was certain real property located at 24514 - 148th Lane S.E., Kent, Washington 98042 ("the Property"). The trustee sold the Property free and clear of liens and encumbrances. After deducting costs of sale, the trustee is holding approximately $339,000. Those funds are potentially subject to the security interest of U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust ("U.S. Bank"). The trustee filed Adversary No. 20-01019 ("Adversary Proceeding") naming U.S. Bank, and others, as defendants. The complaint was to determine the extent and validity of the liens against the proceeds of the sale of the Property. U.S. Bank is the only remaining active defendant.

In the complaint, the trustee alleges that U.S. Bank does not have a security interest in the proceeds of the sale of the Property. The theory presented by the trustee is that the debtor borrowed

**TRUSTEE'S MOTION FOR AN ORDER
APPROVING COMPROMISE OF CLAIM
WITH U.S. BANK**
210630aMot Page 1

THE LIVESEY LAW FIRM
2033 Sixth Avenue, Suite 900
Seattle, WA 98121
(206) 441-0826

Case 18-12360-TWD   Doc 90   Filed 09/30/21   Ent. 09/30/21 10:40:18   Pg. 1 of 4

$290,000 from U.S. Bank's predecessor on May 11, 2007. The note was secured by a deed of trust against the Property. The debtor filed an earlier Chapter 7 petition on May 14, 2009. It was a no asset bankruptcy. The debtor was granted a discharge and the case closed on August 24, 2009. The debtor retained the Property. However, the debtor did not make a mortgage payment since prior to the filing of his 2009 bankruptcy petition. In the Adversary Proceeding, the trustee takes the position that, because the defendant failed to foreclose on its deed of trust secured by the Property within six (6) years of the filing of the original bankruptcy petition, its ability to enforce the obligation against the Property has lapsed because the statute of limitations has passed. The debtor's personal liability was discharged in the prior case. U.S. Bank, as would be expected, disagrees with the trustee's position. At the time the Adversary Proceeding was filed, a separate case, factually similar to the pending case, was awaiting a decision from the Ninth Circuit Court of Appeals. The Bankruptcy Court stayed proceedings in this Adversary Proceeding awaiting the decision from the Ninth Circuit in the other case. The Ninth Circuit, in an unpublished opinion, upheld the trustee's theory that U.S. Bank's deed of trust was unenforceable. However, there is another aspect to this case that was not present in the Ninth Circuit decision. It involves the request by the debtor, after the discharge in the prior case, for a loan modification from U.S. Bank and its impact on the statute of limitations.

Pending approval by the Court, the trustee and U.S. Bank have agreed to settle this matter. The estate will retain $100,000, and the balance of the sale proceeds will be paid to U.S. Bank. The parties will execute a mutual release of all claims. The release will include the claim filed by U.S. Bank in this case.

The Court considers four factors in deciding to approve a settlement. They are (a) the probability of success in resolving the claim; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of resolving the claim and the expense, inconvenience and delay involved; and, (d) the paramount interest of the creditors.

**TRUSTEE'S MOTION FOR AN ORDER APPROVING COMPROMISE OF CLAIM WITH U.S. BANK**
210630aMot  Page 2

THE LIVESEY LAW FIRM
2033 Sixth Avenue, Suite 900
Seattle, WA 98121
(206) 441-0826

Case 18-12360-TWD    Doc 90    Filed 09/30/21    Ent. 09/30/21 10:40:18    Pg. 2 of 4

The trustee has concluded that this settlement is in the best interest of the estate. In addressing the four factors listed above, the first is the probability of success in the litigation. The case centers around whether the statute of limitations for U.S. Bank to enforce its secured claim against the Property had expired before the filing of the current bankruptcy petition. Although U.S. Bank does not formally concede to the point, it would seem that, based on the Ninth Circuit ruling, the likelihood of success in the litigation on that issue is fairly high. The major issue is whether the debtor's attempt to obtain a loan modification after the earlier bankruptcy restarted the statute of limitations. If it did, then the pending bankruptcy was filed within the six (6) years of those efforts and U.S. Bank's security interest is likely valid. The impact of a request for a loan modification on the statute of limitations when there was a prior bankruptcy seems to be an evolving area. Relying on state law decisions interpreting the statute of limitations, Courts have often found that requests for a loan modification start the limitations period running anew. However, there is a growing theory that the state statute is inapplicable when dealing with a debt that has been discharged in a prior bankruptcy, rather than a debt that is unenforceable due to the passage of time. The trustee does believe there is some merit to that theory. However, at this point the case law has not evolved to the point that proceeding with litigation on that issue does not carry with it a substantial risk. The trustee believes that this element favors settlement.

The second element is the matter of collection. That element did not factor into the trustee's decision as the funds at issue are currently in the trustee's possession.

The third element, the complexity of resolving the claim and the expense, inconvenience and delay involved favors settlement, but is not an element that weighs heavily on the trustee's conclusion. The factual allegations in this case are fairly simple and straight forward. It involves the calculation of a statute of limitations at various points. Those dates can be easily determined by the available documentation. The litigation deals primarily with legal questions. Still, the estate would incur additional administrative fees should the litigation continue.

**TRUSTEE'S MOTION FOR AN ORDER APPROVING COMPROMISE OF CLAIM WITH U.S. BANK**
210630aMot  Page 3

THE LIVESEY LAW FIRM
2033 Sixth Avenue, Suite 900
Seattle, WA 98121
(206) 441-0826

Case 18-12360-TWD    Doc 90    Filed 09/30/21    Ent. 09/30/21 10:40:18    Pg. 3 of 4

1    The final element is the best interest of the creditors.  The settlement should pay the creditor
2    claims in full, plus post-petition interest.  At the end of the case there should be a distribution to the
3    debtor as surplus funds.  This element weighs heavily in favor of settlement.
4    WHEREFORE, the trustee prays for an order approving the compromise with U.S. Bank.
5    RESPECTFULLY SUBMITTED this 29th day of September, 2021.

                                THE LIVESEY LAW FIRM

                                /S/ *Rory C. Livesey*
                                _____
                                Rory C. Livesey, WSBA #17601
                                Attorney for Nancy L. James, Trustee

**TRUSTEE'S MOTION FOR AN ORDER
APPROVING COMPROMISE OF CLAIM
WITH U.S. BANK**
210630aMot  Page 4

THE LIVESEY LAW FIRM
2033 Sixth Avenue, Suite 900
Seattle, WA 98121
(206) 441-0826

Case 18-12360-TWD    Doc 90    Filed 09/30/21    Ent. 09/30/21 10:40:18    Pg. 4 of 4