Below is the Order of the Court.

_____
**Timothy W. Dore**
**U.S. Bankruptcy Court**
(Dated as of Entered on Docket date above)

Honorable Timothy W. Dore
October 22, 2021; 9:30 a.m.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re: | Chapter 7 |
| | Bankruptcy No. 18-12360-TWD |
| MICHAEL KIDWELL, | |
| | ORDER APPROVING COMPROMISE |
| Debtor(s). | OF CLAIM WITH U.S. BANK |

THIS MATTER having come regularly before the above-signed Judge of the above-entitled Court, upon the trustee's motion to compromise a claim, proper notice having been given and no objections having been timely filed, good cause appearing, and it being in the best interest of the estate, now, therefore, it is hereby

ORDERED that the trustee, Nancy L. James, may enter into the Settlement Agreement attached hereto.

//// END OF ORDER ////

**ORDER APPROVING COMPROMISE**
**OF CLAIM WITH U.S. BANK**
210630bOrd   Page 1

THE LIVESEY LAW FIRM
2033 Sixth Avenue, Suite 900
Seattle, WA 98121
(206) 441-0826

Case 18-12360-TWD    Doc 94    Filed 10/19/21    Ent. 10/19/21 11:36:29    Pg. 1 of 13

1 Presented By:

2 THE LIVESEY LAW FIRM

3
       /S/ *Rory C. Livesey*
4  _____
   Rory C. Livesey, WSBA #17601
5  Attorney for Nancy L. James, Trustee

6  The Livesey Law Firm
   2033 Sixth Avenue, Suite 900
7  Seattle, WA 98121
   (206) 441-0826
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**ORDER APPROVING COMPROMISE**
**OF CLAIM WITH U.S. BANK**
210630bOrd   Page 2

THE LIVESEY LAW FIRM
2033 Sixth Avenue, Suite 900
Seattle, WA 98121
(206) 441-0826

Case 18-12360-TWD   Doc 94   Filed 10/19/21   Ent. 10/19/21 11:36:29   Pg. 2 of 13

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement and its Exhibits (collectively, "Agreement") is made and entered into as set forth on the signature page ("Effective Date") by and between LSF9 Master Participation Trust through U.S. Bank Trust, N.A., as Trustee ("LSF9") and the Bankruptcy Estate of Michael Kidwell, by and through Nancy L. James, Bankruptcy Trustee ("Plaintiff") (individually, a "Party," and collectively, the "Parties") for the purpose of resolving by compromise and settlement of all claims, controversies, alleged liabilities, and disputes between them.

## RECITALS

This Agreement is entered into with reference to the following facts:

A. On or about May 11, 2007. Michael J. Kidwell ("Debtor"), a non-party to the Agreement, executed a $290,000.00 promissory note ("Note") in favor of Mortgage Master Service Corporation secured by a Deed of Trust encumbering the real property commonly known as 24514 148th Lane S.E., Kent, WA 98042 ("Property"). The Property APN is 2322059069. The Note, Deed of Trust, and associated origination documents are collectively referred to as the "Loan Documents", setting forth the terms of the "Loan". Fay Servicing, LLC ("Fay") is the current servicer of the Loan.

B. On June 14, 2018, the Debtor filed a Chapter 13 petition in the United States Bankruptcy Court for the Western District of Washington at Seattle, Case No. 18-12360-TWD. The case converted to a Chapter 7 proceeding on July 20, 2018, and the Plaintiff was appointed the Chapter 7 Trustee.

C. By order of the Bankruptcy Court dated April 4, 2018, the Plaintiff sold the Property for $376,000. After paying customary costs of sale, the Plaintiff holds $338,598.72 in sale proceeds.

D. Certain disputes have arisen between Plaintiff and LSF9 regarding the Deed of Trust securing the Loan. Those disputes are more fully set forth in the pleadings filed in United States Bankruptcy Court for the Western District of Washington at Seattle, entitled *Bankruptcy Estate of Michael Kidwell, by and through Nancy L. James, Bankruptcy Trustee v. LSF9 Master Participation Trust through U.S. Bank Trust, N.A. as Trustee, et al.* bearing Adversary Case Number 20-01019-TWD hereinafter to be referred to as the "Action".

E. Each Party to this Agreement is fully apprised of the facts set forth in these Recitals and of the facts and contentions raised in the Action, and in all other aspects of the dispute between or among the Parties, whether pleaded or not, and possibilities of each action and matter described herein.

F. Each Party denies all allegations, claims and defenses made by the other Party in the Action.

G. Notwithstanding the above, solely in order to avoid the cost, delay and uncertainty of further litigation, the Parties desire to compromise and settle all disputes and claims which exist or which may exist between and among them arising out of the facts, matters, and events set forth above, without admitting any liability and settle their rights and obligations in connection with the Loan Documents.

Case 18-12360-TWD    Doc 94    Filed 10/19/21    Ent. 10/19/21 11:36:29    Pg. 3 of 13

## AGREEMENTS, RELEASES, AND PROMISES

THEREFORE, in consideration of the facts and general releases and promises contained herein, and for other good and valuable consideration, the sufficiency and receipt of which is acknowledged by each Party hereto, the Parties promise and agree as follows:

1. **Payoff of Loan:** Plaintiff shall remit the sum of TWO HUNDRED THIRTY-EIGHT THOUSAND FIVE HUNDRED NINETY-EIGHT AND 72/100 ($238,598.72) to LSF9 within ten (10) days of entry of a final order of Bankruptcy Court approving the settlement as more fully set forth in Section 2 herein. The Parties acknowledge and agree that the forgoing sum constitutes a full and complete compromise with respect to the Parties respective rights with respect to the Deed of Trust and the Loan and that Plaintiff is retaining the remainder of the sale proceeds it received when it sold the Property on April 19, 2019.

2. **Bankruptcy Court Approval:** Plaintiff shall file the motion for approval within ten (10) days of the Effective Date of this Agreement. The parties understand and agree that the motion for approval requires twenty-one (21) days' notice to the creditors and other parties in interest in the Debtor's general bankruptcy proceeding. In the event there are no timely responses to Plaintiff's motion for approval, which are due seven (7) days before the hearing, then Plaintiff shall submit the order approving the settlement to the court for entry as permitted by the local rules. If there are timely responses, the order approving the settlement will become final fourteen (14) days after entry with the Bankruptcy Court and no timely notice of appeal is filed.

3. **Dismissal of Action:** Plaintiff agrees to dismiss the Action with prejudice and without fees or costs upon the Bankruptcy Court's order approving the settlement becoming final. Counsel for the parties shall execute the Request for Dismissal in a form attached as **Exhibit A** to this Agreement simultaneously with the Parties' execution of this Agreement. Plaintiff's counsel will file with the court the executed Request for Dismissal within ten (10) days after the Bankruptcy Court's order approving the settlement becomes final. In the event the Bankruptcy Court does not approve the settlement, this Agreement becomes null and void, and the Parties agree to cooperate with resetting the case schedule and trial date if needed.

4. **Attorneys' Fees:** Each Party shall bear their own attorneys' fees and costs incurred. If any Party hereto commences any action arising out of this Agreement, including, without limitation, any action to enforce or interpret this Agreement, the prevailing party or parties in such action shall be entitled to recover its reasonable attorney's fees and other expenses incurred in such action. Any award of attorney's fees hereunder shall not be computed according to any court schedule, but, instead, shall be in such amount as to fully reimburse all attorney's fees actually incurred in good faith, regardless of the size of the judgment, since it is the intention of all Parties to compensate fully the prevailing party for all attorney's fees paid or incurred in good faith.

5. **Mutual Release :** Except for the obligations contained in this Agreement or specifically reserved below:

    a. In consideration of the mutual promises contained herein, the Plaintiff, for and on behalf of the estate, its successors, beneficiaries, heirs, assigns, executors,

administrators, or any and all other persons who could claim through the estate hereby unconditionally, irrevocably, forever and fully, release, acquits, and forever discharge Fay Servicing, LLC; U.S. Bank Trust, National Association, not in its individual capacity, but solely as trustee for LSF9 Master Participation Trust (the "Trust"); Mortgage Electronic Registration Systems, Inc.; their predecessors and their respective past, future, present administrators, officers, directors, owners, managers, members, employees, attorneys, insurers, affiliates, and agents from and on account of any and all claims, cross claims, controversies, liabilities, demands, obligations, debts, indemnities, costs, fees, expenses, causes of action of every nature, character and description, whether known or unknown, foreseen or unforeseen, or present or contingent, for any injury, damage, obligation or loss whatsoever, including any claims in which the trustee brought or could have brought in the Action, including but not limited to claims for loses, costs and expenses, and

   b. U.S. Bank Trust, National Association, not in its individual capacity, but solely as trustee for LSF9 Master Participation Trust (the "Trust"); and Mortgage Electronic Registration Systems, Inc.; similarly release the Trustee, the Bankruptcy Estate of Michael Kidwell, its attorneys and agents from and on account of any and all claims, cross claims, controversies, liabilities, demands, obligations, debts, indemnities, costs, fees, expenses, causes of action of every nature, character and description, whether known or unknown, foreseen or unforeseen, or present or contingent, for any injury, damage, obligation or loss whatsoever, including any claims in which the trustee brought or could have brought in the Action, including but not limited to claims for loses, costs and expenses.

6. **Release of Unknown Claims:** The Parties acknowledge and agree that they may hereafter discover facts different from, or in addition to, those facts known to them or which they now believe to be true with respect to any and all of the claims, demands, actions, causes of action, suits, liens, debts, obligations, damages, liabilities, judgments, costs, expenses, and fees (including reasonable attorney's fees) existing on the effective date of this Agreement. The Parties nevertheless agree that the releases set forth herein have been negotiated and agreed upon, notwithstanding such acknowledgment and agreement, and hereby expressly waive any and all rights which they may have under any federal or state statute or common law principle which may provide that a general release does not extend to claims which are not known to exist at the time of execution. The Parties understand and acknowledge the significance and consequences of this waiver and assume full responsibility for any and all damages, losses, costs, and expenses they may incur hereafter as a result of any of the facts, matters, and events referred to in the Recitals set forth above.

7. **Release Limitations:** This Agreement does not release claims arising out of the failure of either Party to perform in conformity with the terms of this Agreement.

8. **Warranties and Representations:** The Parties hereto warrant and represent that (a) he, she, or it is the sole owner of all rights, claims, damages, actions, causes of action, suits and defenses, as the case may be, at law or in equity, he, she, or it has or may have or that were asserted or could have been asserted in the action, and (b) he, she, or it has not assigned,

transferred, conveyed, or purported to assign, transfer, or convey to any person or entity any right, claim, action, cause of action, suit (at law or in equity), defense, demand, debt, liability, account, or obligation herein released, or any part thereof, or which would, absent such assignment, transfer or conveyance, be subject to the releases set forth in this Agreement.

9. **Acknowledgments**: Each of the Parties acknowledge and agree that:

   a. This Agreement is entered into and executed voluntarily by each of the Parties hereto and without any duress or undue influence on the part of, or on behalf of, any such Party.

   b. Each of the Parties hereto has been represented by counsel of its/their own choice, or has had the opportunity to be represented by counsel and to seek advice in connection with the negotiations for, and in the preparation of, this Agreement and that he, she, or it has read this Agreement and that he, she or it is fully aware of its contents and legal effects. All Parties who are representing themselves are warned to obtain the advice of an attorney before signing this Agreement.

   c. The drafting and negotiation of this Agreement has been undertaken by all Parties hereto and their respective counsel. For all purposes, this Agreement shall be deemed to have been drafted jointly by all of the Parties hereto with no presumption in favor of one party over another in the event of any ambiguity.

10. **Tax Consequences**: This Agreement is enforceable regardless of its tax consequences. The Parties understand and agree that the consideration and payments set forth in this Agreement reflect the settlement of disputed legal claims and that Fay makes no representations regarding the Agreement's tax consequences.

11. **Compromise of Disputed Claims**: It is understood and agreed that this Agreement is the compromise of disputed claims, and that the terms of settlement contained herein and the releases executed are not intended to be and shall not be construed as admissions of any liability or responsibility whatsoever and each released Party expressly denies any liability or responsibility whatsoever.

12. **Severability**: If any of the provisions of this Agreement are held to be unenforceable or invalid by any court of competent jurisdiction, the validity and enforceability of the remaining provisions shall not be affected thereby.

13. **Binding Effect**: This Agreement shall be binding on, and shall inure to the benefit of, the Parties hereto and their respective administrators, representatives, successors, and assigns.

14. **Governing Law**: This Agreement shall be governed by the laws of the State of Washington and any question arising hereunder shall be construed or determined according to such law. Venue will be in the United States Bankruptcy Court for the Western District of Washington at Seattle.

15. **Further Assurances**: The Parties agree to do all acts and things and to make, execute, acknowledge and deliver such written documents, instructions and/or instruments in such

form as shall from time to time be reasonably required to carry out the terms and provisions of this Agreement, including but not limited to, the execution, filing or recording of any reporting documents, affidavits, deeds or agreements. The Parties further agree to give reasonable cooperation and assistance to any other party or parties hereto in order to enable such other Party or Parties to secure the intended benefits of this Agreement.

16. **Counterparts:** This Agreement may be executed by the Parties in any number of counterparts, including by way of facsimile, and each of which shall be deemed to be an original and all of which, collectively, shall be deemed to be one and the same instrument.

17. **Integration Clause:** This Agreement contains the entire agreement between and among the Parties hereto, and supercedes all prior and contemporaneous discussions, negotiations, understandings and agreements, whether oral or written, express or implied, between or among them relating to the subject matter of this Agreement. This Agreement may not be amended orally, nor shall any purported oral amendment (even if accompanied by partial or complete performance in accordance therewith) be of any legal force or effect or constitute an amendment of this Agreement, but rather this Agreement may be amended only by an agreement in writing signed by the Parties.

18. **Time Is Of The Essence:** Time is of the essence with respect to the performance of any and all provisions of this Agreement.

19. **Headings and Captions:** The headings and captions inserted into this Agreement are for convenience only and in no way define, limit or otherwise describe the scope or intent of this Agreement, or any provision hereof, or in any way affect the interpretation of this Agreement.

20. **Effective Date:** This Agreement shall be deemed effective on the Date that it is signed by all Parties hereto.

IN WITNESS WHEREOF, each of the Parties hereto has executed this Agreement on the date set forth opposite his, her, or its name below. **The undersigned hereby certify that they have read and fully understand all of the terms, provisions, and conditions of this Agreement and have executed this Agreement voluntarily.**

Dated: September 29, 2021

Plaintiff: The Bankruptcy Estate of Michael Kidwell, by and through Nancy L. James, Bankruptcy Trustee

*~ signatures continued on next page ~*

CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE  Page 5 of 6
153146672.1

Case 18-12360-TWD    Doc 94    Filed 10/19/21    Ent. 10/19/21 11:36:29    Pg. 7 of 13

Dated: ~~September~~ October 4, 2021

*[signature: M. Aiken]*

Defendant: LSF9 Master Participation Trust through U.S. Bank Trust, N.A., as Trustee, by its attorney in fact, Fay Servicing, LLC

Name: Mike Aiken

Title: Senior Vice President

APPROVED AS TO FORM:

Dated: ~~September~~ October 13, 2021

PLAINTIFF'S COUNSEL

By: *[signature]*
Rory C. Livesey, Esq.
Attorneys for Plaintiff, The Bankruptcy Estate of Michael Kidwell, by and through Nancy L. James, Bankruptcy Trustee

Dated: ~~September~~ October 4, 2021

DEFENDANT'S COUNSEL

By: *[signature: Tom Abbott]*
Thomas N. Abbott, Esq.
Attorneys for Defendant, LSF9 Master Participation Trust through U.S. Bank Trust, N.A., as Trustee

# EXHIBIT "A"

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>MICHAEL KIDWELL,<br><br>    Debtor(s). | Chapter 7<br>Bankruptcy No. 18-12360-TWD |
| BANKRUPTCY ESTATE OF MICHAEL KIDWELL, by and through Nancy L. James, Bankruptcy Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>LSF9 MASTER PARTICIPATION TRUST, through U.S. Bank Trust, N.A., as Trustee; CALIBER HOME LOANS, INC., a Delaware corporation; MORTGAGE MASTER SERVICE CORPORATION, a Washington corporation; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., an inactive Washington corporation,<br><br>    Defendants. | Adversary No. 20-01019-TWD<br><br><br><br><br>STIPULATED MOTION FOR AN ORDER DISMISSING ADVERSARY PROCEEDING WITH PREJUDICE |

COME NOW the parties to the above-captioned adversary proceeding, pursuant to an Order Approving Compromise of Claim entered in Bankruptcy No. 18-12360-TWD, entitled *In re Michael*

---

**STIPULATED MOTION FOR AN ORDER
DISMISSING ADVERSARY PROCEEDING
WITH PREJUDICE**
210910aMot Page 1

THE LIVESEY LAW FIRM
2033 Sixth Avenue, Suite 900
Seattle, WA 98121
(206) 441-0826

*Kidwell*, and hereby stipulate to the entry of an order dismissing the above-captioned adversary proceeding with prejudice and without cost to any party.

RESPECTFULLY SUBMITTED this _____ day of September, 2021.

THE LIVESEY LAW FIRM

_____
Rory C. Livesey, WSBA #17601
Attorney for Nancy L. James, Plaintiff/Trustee

RESPECTFULLY SUBMITTED this _____ day of September, 2021.

PERKINS COIE LLP

_____
Thomas N. Abbott, WSBA #53024
Attorney for Defendants U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust and Caliber Home Loans, Inc.

**STIPULATED MOTION FOR AN ORDER DISMISSING ADVERSARY PROCEEDING WITH PREJUDICE**
210910aMot Page 2

THE LIVESEY LAW FIRM
2033 Sixth Avenue, Suite 900
Seattle, WA 98121
(206) 441-0826

Case 18-12360-TWD    Doc 94    Filed 10/19/21    Ent. 10/19/21 11:36:29    Pg. 11 of 13

Honorable Timothy W. Dore

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>MICHAEL KIDWELL,<br><br>　　　　Debtor(s). | Chapter 7<br>Bankruptcy No. 18-12360-TWD |
| BANKRUPTCY ESTATE OF<br>MICHAEL KIDWELL, by and through<br>Nancy L. James, Bankruptcy Trustee,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LSF9 MASTER PARTICIPATION TRUST,<br>through U.S. Bank Trust, N.A., as Trustee;<br>CALIBER HOME LOANS, INC., a Delaware<br>corporation; MORTGAGE MASTER<br>SERVICE CORPORATION, a Washington<br>corporation; and MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC., an<br>inactive Washington corporation,<br><br>　　　　Defendants. | Adversary No. 20-01019-TWD<br><br><br><br><br><br><br>STIPULATED ORDER DISMISSING<br>ADVERSARY PROCEEDING WITH<br>PREJUDICE |

THIS MATTER having come on before the above-signed Judge of the above-entitled Court, upon the stipulation of the parties, the Court having reviewed the pleadings on file herein, and being fully apprised of the circumstances, now, therefore, it is hereby

**STIPULATED ORDER DISMISSING
ADVERSARY PROCEEDING WITH
PREJUDICE**
210910bOrd　Page 1

THE LIVESEY LAW FIRM
2033 Sixth Avenue, Suite 900
Seattle, WA 98121
(206) 441-0826

1     ORDERED that the above-captioned adversary proceeding is dismissed with prejudice and

2 without cost to any party.

3                        //// END OF ORDER ////

4

Presented By:

5
THE LIVESEY LAW FIRM

6

7

_____

8 Rory C. Livesey, WSBA #17601
Attorney for Nancy L. James, Plaintiff/Trustee
9
The Livesey Law Firm
10 2033 Sixth Avenue, Suite 900
Seattle, WA 98121
11 (206) 441-0826

12 Approved as to Form; Notice of
Presentation Waived by:
13
PERKINS COIE LLP
14

15

_____

16
Thomas N. Abbott, WSBA #53024
17 Attorneys for Defendants U.S. Bank Trust, N.A.,
as Trustee for LSF9 Master Participation Trust
18 and Caliber Home Loans, Inc.

19 Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
20 Portland, OR 97209-4128
(503) 727-2000
21

22

23

24

25

**STIPULATED ORDER DISMISSING
ADVERSARY PROCEEDING WITH
PREJUDICE**
210910bOrd    Page 2

THE LIVESEY LAW FIRM
2033 Sixth Avenue, Suite 900
Seattle, WA 98121
(206) 441-0826